# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROGER D. WHITE**                                   **CIVIL ACTION**

**VERSUS**                                           **NO. 14-1782**

**STEVE LEA**                                        **SECTION "F"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual Background

The petitioner, Roger D. White ("White"), is an insanity acquittee who is currently on supervised, active probation while residing in the Secure Forensic Facility, a secured residential facility on the grounds of the Eastern Louisiana Mental Health System ("ELMHS") (f/k/a Feliciana Forensic Facility) in Jackson, Louisiana.[2] The record indicates that on February 15, 2005, White was charged by bill of information in St. Tammany Parish with first degree robbery.[3] White

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1; St. Rec. Vol. 1 of 1, Order of Supervised Probation, 4/14/14.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 2/15/05.

originally entered a plea of not guilty to the charge on February 24, 2005, and a lunacy commission was appointed on motion of defense counsel.[4]

White remained under pretrial evaluation with periodic status reports being sent to the Court until October 11, 2007.[5]  On that date, based on the doctors' recommendations, the Trial Court found White to be competent to proceed to trial while on his current regimen of medication and treatment.[6]

Thereafter, on November 29, 2007, White withdrew his former plea and entered a plea of not guilty and not guilty by reason of insanity.[7]  After receiving testimony and evidence from the commission doctors, Dr. John Thompson, Jr. and Dr. Raphael Salcedo, the Trial Court found White to be not guilty and not guilty by reason of insanity.[8]  The Court ordered that White be placed in ELMHS for psychiatric care and treatment.[9]

On April 22, 2008, White filed a petition for issuance of a writ of habeas corpus requesting that the Trial Court release him on probation.[10]  The Trial Court denied the motion without stated reasons on April 23, 2008.[11]

---

[4]St. Rec. Vol. 1 of 1, Minute Entry, 2/24/05; Application for Hearing to Determine Defendant's Mental Condition, 3/8/05.

[5]St. Rec. Vol. 1 of 1, Minute Entry, 5/5/05; Order for Pretrial Commitment, 6/22/05; Forensic Competency Evaluation and Report, 4/9/07; Letter to the Court, 4/12/07; Court Review of Judicial Commitment, 8/13/07; Letter to the Court, 9/11/07; Minute Entry, 10/11/07.

[6]St. Rec. Vol. 1 of 1, Minute Entry, 10/11/07.

[7]St. Rec. Vol. 1 of 1, Minute Entry, 11/29/07.

[8]St. Rec. Vol. 1 of 1, Minute Entry, 11/29/07; Commitment Order, 1/22/08.

[9]*Id*.

[10]St. Rec. Vol. 1 of 1, Petition for Writ of Habeas Corpus, 4/22/08.

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 4/23/08.

The Trial Court held a status review hearing on October 9, 2008.[12]  Based on the recommendation of the doctors and personnel at ELMHS, the Court determined that White was no longer in need of inpatient treatment and ordered that he be conditionally released on supervised probation for five years subject to outpatient treatment to reside in the Harmony Transitional Center in Baton Rouge, Louisiana.[13]

On March 28, 2011, on the urging of the probation office, the Court issued an arrest warrant for White for violation of his probation having tested positive for opiates and leaving the residential center.[14]  After his eventual arrest, the Trial Court revoked his probation on September 27, 2012, and remanded him to the ELMHS, Forensic Division for re-evaluation and rehabilitation.[15]

Over the next year, White submitted numerous motions to the Trial Court requesting that he be released or placed on probation to no avail.[16]  Eventually, on February 20, 2014, the Trial Court scheduled a hearing to determine White's status.[17]  At the hearing held April 4, 2014, based on the recommendation of the forensic specialists, the Trial Court released White on supervised, active probation for five years while residing in the Secure Forensic Facility on the grounds of the ELMHS

[12]St. Rec. Vol. 1 of 1, Minute Entry, 10/9/08.

[13]St. Rec. Vol. 1 of 1, Judgment of Supervised Probation, 12/16/08.

[14]St. Rec. Vol. 1 of 1, Warrant, 3/28/11; Motion for Hearing to Revoke Probation, 3/23/11; Letter to the Court, 3/23/11; Trial Court Order, 4/12/11.

[15]St. Rec. Vol. 1 of 1, Probation Revocation Order, 9/27/12; Revocation Minutes, 9/27/12; Minute Entry, 9/21/12; *see also*, DFC Status Review, 1/23/12; Recommendation, 2/28/12; Episode Report, 9/11/12; Episode Report, 9/17/12.

[16]St. Rec. Vol. 1 of 1, Motion to Determine Release, 4/3/13 (dated 4/1/13); Petition for Writ of Habeas Corpus, 5/23/13 (dated 5/11/13); Motion to Determine Release, 7/12/13; Petitioner for Writ of Habeas Corpus, 1/17/14; Motion to Determine Release, 3/10/14 (dated 3/5/14); Motion for Reconsideration of Probation 3/22/13 (dated 3/20/13).

[17]St. Rec. Vol. 1 of 1, Trial Court Order, 2/20/14; Trial Court Order, 2/25/14.

where he currently is housed.[18]  White signed an acknowledgment that he understood and accepted

the conditions of his probation.[19]

## II.    Federal Petition

On August 4, 2014, the clerk of this Court filed White's petition for federal habeas corpus

relief in which he challenges his confinement without a proper civil commitment hearing to

determine his mental capacity and dangerousness and is being held without due process.[20]  The State

filed an answer and memorandum in opposition to White's petition contending that the petition was

untimely filed and that his claims have not been exhausted in the state courts.[21]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed under the mailbox rule on July

31, 2014.[23]  The threshold questions in habeas review under the amended statute are whether the

---

[18]St. Rec. Vol. 1 of 1, Order of Supervised Probation, 4/4/14; Minute Entry, 4/4/14.

[19]St. Rec. Vol. 1 of 1, Acknowledgement, 4/4/14.

[20]Rec. Doc. No. 1.

[21]Rec. Doc. Nos. 7, 8.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of this Court filed White's federal petition on August 4, 2014, when the filing fee was received.  White dated his signature on the petition on July 31, 2014, which is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to the Court.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not

petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has raised the limitation and exhaustion defenses.  The record, however, reflects that White's challenge to his current probation issued April 4, 2014, is timely where he could not have challenged an order before it was issued.  However, his claims were not exhausted in the state courts and may disposed of for that reason.

## IV.   Federal Jurisdiction and Venue

As an inital matter, the Court finds that although White is on supervised probation, he is considered to be in custody for purposes of this Court's jurisdiction over his petition.

### A.   Custody Requirement

To be eligible for habeas relief, a petitioner must be "in custody" and must have exhausted his available state court remedies.  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Pursuant to 28 U.S.C. § 2241(d), "the United States district courts [have] jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis added) (quoting 28 U.S.C. § 2241(c)(3)); 28 U.S.C. § 2254(a).

The record reflects that White is in custody for purposes of challenging his current probation order.  The United States Supreme Court has held that no language in the AEDPA or § 2254 requires that the state court judgment pursuant to which a person is in custody be a criminal conviction.

_____

paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

*Duncan v. Walker*, 533 U.S. 167, 176 (2001).  The Supreme Court further recognized that federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment.  *Id.* at 176 (citing *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988) (addressing a Louisiana petitioner's challenge under § 2254 to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity)).  In addition, a petitioner like White, who is under the restrictions of probation and living in a transition facility, is in custody for purposes of habeas review.  *Wottlin v. Fleming*, 136 F.3d 1032, 1034 n.1 (5th Cir. 1998); *Clark v. Prichard*, 812 F.2d 991, 997 (5th Cir.1987) ("[A] person on probation and subject to the conditions of probation is 'in custody' for purposes of the habeas corpus statute."); *Spring v. Caldwell*, 692 F.2d 994, 996 (5th Cir. 1982).

The record therefore reflects that White is in custody and this Court has jurisdiction to consider the petition seeking relief from the probation order.

## B.   Venue

The Court recognizes that White is not currently confined within the territorial jurisdiction of the Eastern District of Louisiana as defined in 28 U.S.C. § 98(a).  However, he is challenging his continued probation status based on the orders issued by the state court judge in St. Tammany Parish which is within the jurisdiction of this district court.  28 U.S.C. § 98(a).  The venue provisions for habeas petitions like White is found in 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise

6

of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added).  The Fifth Circuit has held that this statute is jurisdictional.  *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966), *cert. denied*, 385 U.S. 940, *reh'g denied*, 386 U.S. 930 (1967).

Under § 2241(d), federal courts have ordinarily recognized and held that the most appropriate venue for challenges to the legality of the conviction and order of sentence are best heard in the district where the state conviction occurred and sentencing order was issued.  *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).  This is based in part on the ease of access to the relevant records and potential witnesses involved in the decision making process.

For these reasons, this District Court is a proper jurisdiction to consider White's petition and a more appropriate venue to consider his challenges to the orders from the 22nd Judicial District Court in St. Tammany Parish under which he remains on probation.

## V.      Exhaustion Doctrine

As discussed below, exhaustion requires presentation of every claim and legal theory through each required level of state court review.  As argued by the State, White has not sought any review of the state trial court's probation order at any level of the state courts.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead*, 157 F.3d at 387 (citing *Rose*, 455 U.S. at 519-20); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*. at 32.

8

Under a broad reading, White complains that he is being denied due process because of his placement on probation while housed in the forensic facility. White has not presented this claim to the state's higher courts before seeking federal relief. As confirmed by the State, White has not filed for review of his April 4, 2014, order of probation in either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.[24]

Exhaustion of state court review in this case is imperative before his claims can be properly considered. The United States Supreme Court determined in *Foucha v. Louisiana*, 504 U.S. 71 (1992) that an insanity acquittee may be confined in a mental institution, consistent with due process standards, as long as the State can prove by clear and convincing evidence that he is both mentally ill and dangerous, even when the basis for his original confinement no longer exists. *Foucha*, 504 U.S. at 76-86 (citing *Jones v. United States*, 463 U.S. 354, 363 (1983) and *Jackson v. Indiana*, 406 U.S. 715, 724 (1972)); *Jackson v. Foti*, 670 F.2d 516 (1982). The questions of an insanity acquittee's mental illness and dangerousness are questions of fact entitled to deference on federal habeas review. *Francis S. v. Stone*, 221 F.3d 100 (2d Cir. 2000); *United States v. Jackson*, 19 F.3d 1003, 1006 (5th Cir. 1994) (stating that mental competence and dangerousness are questions of fact); *but see John M. v. Stone*, 72 F. Supp.2d 316, 320 (S.D.N.Y. 1999) (citing *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993) (finding mental competency is a mixed question of law and fact)). To overcome the presumption of correctness, the petitioner must show by "clear and convincing evidence" that the state court's ruling was not reasonable in light of the evidence before it. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2012); 28 U.S.C. § 2254(e)(1).

---

[24]A member of the Court's staff confirmed with the clerks of these courts that White has not filed for review of the April 4, 2014 order.

9

In light of these standards, requiring White to exhaust is not a futile gesture.  In this instance, the Court has no findings before it to be weighed under the *Foucha* standards nor any decision on which deference can be assessed.[25]  White's failure to exhaust state court review prevents this Court from properly evaluating the merits of his claim.[26]

In addition, the record discloses no good cause for his failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  White's *pro se* status does not excuse his failure to exhaust. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding *pro se* status does not constitute "good cause" for failure to exhaust state remedies); *see Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (finding that ignorance of the law does not constitute "good cause" for failure to exhaust).  The petition, therefore, should be dismissed for failure to exhaust available state court remedies.  *Rhines*, 544 U.S. at 277-78 (finding dismissal is appropriate where no good cause is shown for the failure to exhaust).

_____

[25]The Court is also left with the question of whether *Foucha* has already been met by the fact that White is on probation although residing on the institution's grounds.  "'[T]he committed acquittee is entitled to release when he has recovered his sanity <u>or</u> is no longer dangerous[.]'" *Foucha*, 504 U.S. at 77  (emphasis added) (quoting *Jones*, 463 U.S. at 368).  Under Louisiana law, White could only attain probationary release if he is no longer insane or a danger to himself or others under the *Foucha* doctrine.  La. Code Crim. P. art. 657.2; *State v. Golston*, 67 So.2d 452, 464 (La. 2011); *State v. Roman*, 802 So.2d 1281, 1284-85 (La. 2001); *State v. Perez*, 648 So.2d 1319, 1320 (La. 1995); *State v. Watson*, 779 So.2d 46, 48 (La. App. 4th Cir. 2001).  Because no such question has been asked of the state courts, the Court defers to comity to allow the state court's to first assess the issue.

[26]The Court notes that while relief can be denied, it can not be granted on an unexhausted claim.  *See* 28 U.S.C. § 2254(b)(2).

**VI.**     <u>**Recommendation**</u>

For the foregoing reasons, it is **RECOMMENDED** that Roger D. White's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 23rd day of December, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.